UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENSEENER CARPENTER,

                            Plaintiff,

              -against-

YONKERS MIDDLE HIGH SCHOOL (DR.
JENKINS); CPS DEPARTMENT OF CHILD
PROTECTIVE SERVICES; YONKERS
POLICE DEPARTMENT,

                            Defendants.

24-CV-0474 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants have

violated her rights. Named as Defendants are Yonkers Middle School, Assistant Principal Dr.

Jenkins, the Westchester County Department of Child Protective Services ("CPS"), and the

Yonkers Police Department. The Court construes the complaint as asserting federal

constitutional claims under 42 U.S.C. § 1983. By order dated January 26, 2024, the Court

granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of

fees. For the reasons set forth below, the Court grants Plaintiff 60 days' leave to file an amended

complaint.

### STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. She does not specify a jurisdictional basis for her claims, but in response to the question asking which of her federal constitutional or federal statutory rights were violated, Plaintiff writes, "Illegal Profiling." (ECF 1, at 2.) The following allegations are taken from the complaint. In November 2023, Plaintiff's relative informed her that Plaintiff's son's school was trying to contact her and that the "next call unanswered by [Plaintiff]" would result in a call to CPS. (*Id.* at 5.) Plaintiff contacted Defendant

Dr. Jenkins, who informed Plaintiff about "behavior [her] son had exhibited the week prior."
(*Id.*) Less than two hours after that conversation, "CPS was knocking at [Plaintiff's] door." (*Id.*)
The CPS worker got Plaintiff to sign "preventive services documentation," and Plaintiff was
presented with a report "about [her] son's behavior and nothing of any abuse or neglect." (*Id.*)
Ms. Daniels, a CPS worker, came to Plaintiff's home later in December and told her that the case
would be closed as "unfounded." (*Id.* at 5-6.)

On January 5, 2024, Plaintiff's son left home and did not return. On January 10, 2024, a
missing persons report was filed with the Yonkers Police Department. Plaintiff went to her son's
school in order to get him "the proper treatment that he needed." (*Id.* at 6.) Plaintiff called Gloria
Daniels at CPS and learned that her "case was still open" even though CPS has "not established
any wrongdoing on [her] behalf." (*Id.*) She alleges that "[t]his alone has cost me los[s] of
financial income because I have not been able to get any ABA cases an[d] I didn't understand
why until this time." (*Id.*)

Plaintiff states that her case has now been transferred to a new caseworker, who "is
stating that I now have a case against me when I called to the CPS hotline to report my son not
going to school." (*Id.*) Plaintiff asserts that the open CPS case "is illegal profiling with a lack of
judgment for [her] wellbeing which has greatly affected [her] finan[ial] resources." (*Id.*)

Plaintiff asks for her CPS "[c]ase to be unfounded and sealed" and for $500,000 in
damages. (*Id.*)

## DISCUSSION

The Court construes the complaint as asserting claims under 42 U.S.C. § 1983 for
violations of Plaintiff's right to procedural due process. To state a claim under Section 1983, a
plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States

was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.      Claims Against Municipal Agencies**

Plaintiff's claims against the Yonkers Police Department, Yonkers Middle High School, and Westchester County Child Protective Services must be dismissed because municipal agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and likely intention to assert claims against the City of Yonkers and Westchester County, the Court construes the complaint as asserting claims against those municipalities. When a plaintiff sues a municipality under Section 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the

4

plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012);

*Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff does not allege facts suggesting that a policy, practice, or custom of either

the City of Yonkers or Westchester County caused a violation of her federal constitutional rights.

The Court grants Plaintiff leave to file an amended complaint in which she alleges facts

suggesting that these municipalities have a policy, practice, or custom that caused a violation of

her constitutional rights.[1]

**B.    Claims Against Jenkins**

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants'

direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y.*

*State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit

that personal involvement of defendants in the alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A

defendant may not be held liable under Section 1983 solely because that defendant employs or

supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009) ("Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable

under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional

---

[1] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-77 (S.D.N.Y. 2010) (citations omitted).

violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff's sole allegation against Jenkins is that she informed Plaintiff about "behavior [her] son had exhibited the week prior." (ECF 1, at 5.) Even if the Court assumes that, as Plaintiff may be suggesting, Jenkins reported her concerns about Plaintiff's son to CPS, such an allegation is insufficient to suggest that Jenkins was personally and directly involved in violating Plaintiff's federal constitutional rights. *See Watkins-El v. Dep't of Educ.*, No. 16_CV-2256, 2016 WL 5867048, at *4 (E.D.N.Y. Oct. 7, 2016) (parents have "no right to be free from [child abuse and neglect] investigation"); *see also Phillips v. Cnty. of Orange*, 894 F. Supp. 2d 345, 378-79 (S.D.N.Y. Sept. 11, 2012) (*quoting Doe v. Heck*, 327 F.3d 492, 520 (7th Cir. 2003)).[2] The Court grants Plaintiff leave to amend her complaint to allege facts suggesting that Jenkins was personally and directly involved in violating her constitutional rights.

## C.    Procedural Due Process claims

The Court construes Plaintiff's allegation that CPS has her case designated as "open," possibly on the Statewide Central Register of Child Abuse and Maltreatment ("SCR"), and that such designation has caused her financial harm as attempting to assert a claim for a violation of her right to procedural due process. Before proceeding to the substance of Plaintiff's claim, the Court will provide some general background on the SCR and the role of the New York State Office of Children and Family Services ("OCFS') and CPS in relation to it.

> The purpose of the SCR is to have, in one central location, the names of all known subjects of indicated reports of child abuse and maltreatment in New York State so that the information may be used when needed to conduct appropriate investigations and database checks, either for the protection of children named in

---

[2] Moreover, as a school administrator, Jenkins is required by New York's mandatory reporter statute to report any suspected case of child abuse or maltreatment. *See* N.Y. Soc. Serv. Law § 413.

those reports or other children who might come into contact with the subject of the report.

*Finch v. Office of Children & Family Servs.*, 499 F. Supp. 2d 521, 526 (S.D.N.Y. 2007) (footnotes omitted). When the allegations reported in such telephone calls "could reasonably constitute a report of child abuse or maltreatment," the allegations are transmitted by the SCR to the local CPS for investigation. *Id.*

The CPS investigates the allegations to determine whether a report of maltreatment is "indicated" or "unfounded." *See* N.Y. Soc. Serv. Law § 424(7). A report is "indicated" if an investigation determines that a fair preponderance of the evidence supports the alleged abuse or maltreatment. *Id.* § 412(7)(ii).[3] A report is "unfounded" if an investigation determines that there is not a fair preponderance of evidence of alleged maltreatment. *Id.* § 412(6)(ii).[4] CPS has 60 days to determine whether the report is indicated or unfounded. N.Y. Soc. Serv. Law § 424(7). If the CPS determines that the report is indicated, the CPS notifies the subject that the report was indicated and that the subject of the report has the right to request that the report be amended or expunged.[5] 18 N.Y.C.R.R. § 432.3(k)(1). A subject of an indicated report may request that OCFS amend the record of a report within 90 days after receiving notice that the report was indicated. N.Y. Soc. Serv. § 422(8)(a)(i). If this administrative review determines that there is a fair preponderance of evidence in the record to prove that the subject committed the acts of abuse

---

[3] For investigations, such as Plaintiff's investigation, that were commenced on or after January 1, 2022, the "fair preponderance of the evidence" standard applies. *Id.* § 412(7)(ii). For investigations that were commenced on or before December 31, 2021, a "some credible evidence" standard applies. *Id.* § 412(7)(i).

[4] For investigations commenced on or before December 31, 2021, the "some credible evidence" standard applies. *Id.* § 412(6)(i).

[5] If the report is unfounded, the SCR notifies the subject that the report was unfounded and has been sealed. 18 N.Y.C.C.R.R. § 432.9(b).

or maltreatment and that such acts could be relevant and reasonably related to certain employment by the subject, OCFS will notify the subject of the report and forward the report to OCFS's Bureau of Special Hearings for a hearing before an administrative law judge. *Id.* § 422(8)(a)(v).

Under New York's Social Services Law, certain agencies are required to request a search of the SCR database for indicated reports before employing, certifying, or licensing persons in fields having substantial contact with children, such as childcare. *See* N.Y. Soc. Serv. Law § 424-a. If an agency's request identifies an applicant who is the subject of an indicated report who has not yet had a fair hearing, the SCR will not respond to the inquiring agency.[6] *See* N.Y. Soc. Serv. Law § 424-a(e); *Finch*, 499 F. Supp. 2d at 527 n.35. Information on the SCR is not available to the general public. *Finch*, 499 F. Supp. 2d at 526 n.15.

Here, Plaintiff appears to allege that a report was made to CPS, that the investigation into that report is "open," and that the listing of the investigation, presumably on the SCR, has caused her to be denied employment opportunities. The two threshold questions in any Section 1983 claim for denial of procedural due process are "whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995); *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012) ("A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest . . . and (2) deprivation of that interest without due process.")

---

[6] This process is the result of litigation in which the Second Circuit and the New York Court of Appeals found a violation of due process with respect to the previous practice of requiring the SCR to inform inquiring agencies that the applicant is the subject of an indicated report before an administrative hearing was held. *See Valmonte v. Bane*, 18 F.3d 992, 1004 (2d Cir. 1994); *Lee TT v. Dowling*, 87 N.Y.2d 699, 712 (1996).

Plaintiff suggests that the listing of the open case has damaged her reputations and caused her financial losses and an inability "to get any ABA cases." (ECF 1, at 6.) Although "damage to one's reputation is not by itself sufficient to invoke the procedural protection of the Due Process Clause," a plaintiff can demonstrate infringement of a protected liberty interest by showing that inclusion of her name on the SCR resulted in "stigma plus." *Valmonte v. Bane*, 18 F.3d 992, 999, 1000-02 (2d Cir. 1994) (citation and internal quotation marks omitted). To constitute "stigma plus," the "'stigma' resulting from the defamatory character of the posting" must be combined with an alteration in an individual's legal status. *Paul v. Davis*, 424 U.S. 693, 708-09 (1976); *see McCaul v. Ardsley Union Free Sch. Dist.*, 514 F. App'x 1, 3-4 (2d Cir. 2013) (table); *Kalderon v. Finkelstein,* 495 F. App'x 103, 107 (2d Cir. 2012) ("In order to state a claim for deprivation of an intangible legal right to one's reputation, commonly known as a 'stigma plus' claim, a plaintiff must allege facts showing both '(1) the utterance of a statement about her that is injurious to her reputation, that is capable of being proved false, and that . . . she claims is false, and (2) some tangible and material state-imposed burden ... in addition to the stigmatizing statement.'" (alterations in original) (quoting *Velez v. Levy,* 401 F.3d 75, 87 (2d Cir. 2005))

The Court of Appeals for the Second Circuit has held that a plaintiff was subjected to "stigma plus" where the SCR did not simply defame her, but also "place[d] a tangible burden on her employment prospects." *Valmonte*, 18 F.3d at 1001. In *Valmonte*, the court found that, under the statutory scheme then in effect, certain employers were required to consult the SCR before hiring prospective employees, and concluded that therefore, "by *operation of law*, [the plaintiff's] potential employers [would] be informed specifically about her inclusion on the [SCR] and [would] therefore choose not to hire her." *Id.* (emphasis in original).

While a plaintiff need not allege that they actually applied for and were denied employment due to a listing on the SCR, a plaintiff must plead, at least, that they *would have* sought a job involving children or to foster or adopt a child *but for* their inclusion on the SCR. *See, e.g.*, *McCaul,* 514 F. App'x at 3-4 (dismissing stigma plus substantive due process claim for failure to allege a tangible burden to satisfy the "plus" element where the plaintiff claimed her listing on the SCR impeded her ability to pursue a career around children and senior citizens, to become a foster parent and to adopt a child, but failed to allege that she had sought or would have sought a job involving children and senior citizens or to foster or adopt a child but for her listing on the SCR); *Valmonte,* 18 F.3d at 999 (finding "plus" element met by allegation that plaintiff, a paraprofessional in the school system, would have looked for a position in the child care field but for her presence on the SCR); *Grullon v. Admin. for Children's Servs.*, No. 18-CV-3129 (LJL), 2021 WL 981848, at *9 (S.D.N.Y. Mar. 16, 2021) (finding plaintiff was not subject to a "tangible burden beyond loss of reputation" where he did not allege he applied for employment or would have applied but for being listed on the SCR); *Worrell v. City of New York*, No. 12-CV-6151, 2014 WL 1224257, at *7 (E.D.N.Y. Mar. 24, 2014) (dismissing stigma plus claim where plaintiff did not allege that she applied or would have applied for employment, but for her inclusion on the SCR); *Yuan v. Rivera,* No. 96-CV-6628 (HB) (LB), 1998 WL 63404, at *5 (S.D.N.Y. Feb. 17, 1998) (finding that plaintiff listed in the SCR who alleged that defendants interfered with her ability to obtain employment and that she suffered the loss of employment possibilities failed to satisfy the "plus" element where she worked as an interpreter and failed to allege that she had been foreclosed from certain employment because of the information on the SCR).

Here, Plaintiff does not sufficiently allege that she applied for employment with an employer required to check the SCR before hiring. She states only that she did not receive "ABA cases." She does not identify her employer, explain what "ABA cases" are, or allege any facts to support her belief that she was denied employment because of a listing on the SCR. Because she does not allege facts suggesting that any employment opportunities were denied by operation of law, Plaintiff does not adequately allege the denial of a protected liberty interest.

Even if Plaintiff has adequately alleged the denial of a liberty interest, she must also allege facts suggesting that she was denied that liberty interest without due process of law. "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Ordinarily, due process requires a pre-deprivation hearing in order to prevent wrongful losses from occurring. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542-43 (1985). Where there are adequate post-deprivation procedures, however, a state may be excused from providing pre-deprivation process when exigent circumstances require that it act quickly. *See Gilbert v. Homar*, 520 U.S. 924, 930 (1997); *Barry v. Barchi*, 443 U.S. 55, 66 (1979). Furthermore, a state official's random and unauthorized act does not violate a person's right to procedural due process if a meaningful post-deprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 230-31 (1986); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996).

Plaintiff does not allege sufficient facts about the status or findings of the CPS investigation to state a viable due process claim. She alleges that a CPS worker told her that her

case would be "unfounded," but she does not allege that such a determination was ever formally made. If her case was determined to be "indicated," Plaintiff does not allege any facts suggesting she took advantage of the procedures available under New York law and described above, or that such procedures were constitutionally inadequate.

If Plaintiff is alleging that her case was not determined to be indicated, and that SCR nevertheless reported to an agency that she was under investigation, seemingly in violation of state law and OCFS procedures, she must allege additional facts in support of her claim. For example, Plaintiff must allege additional facts about the status of her case, such as what she means when she says it is "open" and whether she received formal notification that it was indicated or unfounded, and any facts supporting her conclusion that SCR reported to her employer or potential employer that she has an indicated case or is under investigation. Plaintiff must also name as defendants the individual, likely an employee of OCFS, or individuals who were responsible for providing information about her case to her employer. If Plaintiff does not know the identity of the individual, she may refer to the individual as "John Doe" or "Jane Doe" in both the caption and body of the amended complaint.[7]

D.    **Request for Counsel**

Along with her complaint, Plaintiff also filed an application for the Court to request *pro bono* counsel. (ECF 3.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability

---

[7] The naming of John Doe defendants does not toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure

to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail her claims as outlined above.

Plaintiff is granted leave to amend her complaint to provide more facts about her Section 1983 claim for violations of her right to procedural due process, as well as any Section 1983 claim she may be seeking to assert against the City of Yonkers, Westchester County, and Jenkins. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information should include:

  a)  the names and titles of all relevant people;

  b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

  c)  a description of the injuries Plaintiff suffered; and

  d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-0474 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to renewal at a later date. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.* *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 15, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____          ____ Civ. _____ ( ____ )
_____
*(In the space above enter the full name(s) of the plaintiff(s).)*          **AMENDED**
                                                                            **COMPLAINT**

        -against-

_____          Jury Trial:  ☐ Yes      ☐ No
_____                          (check one)
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*


I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff       Name _____

                Street Address _____

                County, City _____

                State & Zip Code _____

                Telephone Number _____


B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.


*Rev. 12/2009*                          1

Defendant  No. 1       Name _____

                           Street Address _____

                           County, City _____

                           State & Zip Code _____

                           Telephone Number _____

Defendant  No. 2       Name _____

                           Street Address _____

                           County, City _____

                           State & Zip Code _____

                           Telephone Number _____

Defendant  No. 3       Name _____

                           Street Address _____

                           County, City _____

                           State & Zip Code _____

                           Telephone Number _____

Defendant  No. 4       Name _____

                           Street Address _____

                           County, City _____

                           State & Zip Code _____

                           Telephone Number _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

       ☐ Federal Questions           ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

    Plaintiff(s) state(s) of citizenship _____

    Defendant(s) state(s) of citizenship _____

_____

### III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.       Where did the events giving rise to your claim(s) occur? _____

_____

B.       What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.       Facts: _____

_____

| What happened to you? |

_____

_____

_____

| Who did what? |

_____

_____

_____

| Was anyone else involved? |

_____

| Who else saw what happened? |

_____

_____

_____

### IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

*Rev. 12/2009*                            3

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

|  |  |
|---|---|
| Signature of Plaintiff | _____ |
| Mailing Address | _____ |
|  | _____ |
|  | _____ |
| Telephone Number | _____ |
| Fax Number *(if you have one)* | _____ |

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

|  |  |
|---|---|
| Signature of Plaintiff: | _____ |
| Inmate Number | _____ |

*Rev. 12/2009*                                              4